IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARCUS CHAMPS,

                                                                     OPINION AND ORDER

                  Petitioner,

                                                                     13-cv-700-bbc

     v.

WILLIAM POLLARD, Warden,
WAUPUN CORRECTIONAL
INSTITUTION,

                  Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Marcus Champs has filed a motion for habeas corpus relief under 28 U.S.C. § 2254, contending that he was denied the effective assistance of both trial and appellate counsel when he was tried for second degree murder in the 4th District Court, Hennepin County, Minnesota.  He raises five claims: (1) his trial counsel was ineffective in not challenging the constitutionality of Minnesota's automatic certificate statute, under which he was tried as an adult under Minn. Stat. § 260B.101.10; (2) his trial counsel failed to object to instructions on aiding and abetting, when the state's theory of prosecution was that plaintiff was the principal shooter; (3) his appellate counsel was ineffective because he did not raise a claim of trial court error in admitting certain autopsy photographs of the victim; (4) his appellate counsel failed to challenge the prosecutor's improper statements in discussing petitioner's burden of proof; and the trial court erred in not proceeding to the

1

second part of the test under Batson v. Kentucky, 476 U.S. 79 (1986), after the government had struck an African-American juror.

Petitioner's motion presents an unusual question of venue because he is challenging a Minnesota conviction in a Wisconsin court. Interesting as that question may be, however, it is one I need not reach because petitioner filed his § 2254 petition beyond the time allowed him. 28 U.S.C. § 2244 sets a one-year period of limitation for applications for writs of habeas corpus. The time starts running from the latest of four dates: (1) the date on which the judgment became final by the conclusion of direct review; (2) the date on which an impediment to filing created by state action in violation of the Constitution or laws of the United States was removed, if the applicant was prevented from filing by such action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and (4) the date on which the factual predicate of the claims could have been discovered had the applicant exercised due diligence. According to petitioner's filing, his conviction was affirmed by the Minnesota Court of Appeals on February 23, 2010 and his petition for review was denied by the state supreme court on March 18, 2011. His motion for post conviction relief was denied on October 10, 2011 by the court in which he was convicted.

Petitioner does not contend that his petition comes within any of the limitations periods other than the first one, which means that his petition is untimely. His conviction became final on March 18, 2011, when the Minnesota supreme court denied his petition for review of the conviction. He filed this federal petition more than 18 months later, on

October 7, 2013. Accordingly, I conclude that the petition must be denied as untimely.

ORDER

IT IS ORDERED that petitioner Marcus Champs's petition for a writ of habeas corpus, dkt. #1, is DENIED as untimely. 28 U.S.C. § 2244.

Entered this 15th day of October, 2013.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge