IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARCUS CHAMPS,

                                                       OPINION AND ORDER

                Petitioner,

                                                         13-cv-700-bbc

    v.

WILLIAM POLLARD, Warden,
WAUPUN CORRECTIONAL
INSTITUTION,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an October 15, 2013 order, I denied petitioner Marcus Champs's petition for habeas corpus relief under 28 U.S.C. § 2254 as untimely, stating as follows:

> According to petitioner's filing, his conviction was affirmed by the Minnesota Court of Appeals on February 23, 2010 and his petition for review was denied by the state supreme court on March 18, 2011. His motion for post conviction relief was denied on October 10, 2011 by the court in which he was convicted.
>
>       Petitioner does not contend that his petition comes within any of the limitations periods other than the first one [enumerated in 28 U.S.C. § 2254(d)(1)], which means that his petition is untimely. His conviction became final on March 18, 2011, when the Minnesota supreme court denied his petition for review of the conviction. He filed this federal petition more than 18 months later, on October 7, 2013. Accordingly, I conclude that the petition must be denied as untimely.

Dkt. #2. Judgment was entered the same day. Dkt. #3.

      Petitioner has filed a motion for reconsideration of the October 15 order, arguing that

the court incorrectly calculated his deadline for filing his habeas petition. After considering his arguments, I will grant his motion and vacate the judgment. Also, I conclude that this court is not the proper venue for this action, but seek the parties' input before transferring the case.

OPINION

A. Motion for Reconsideration

In his motion for reconsideration, petitioner argues that his petition was not late, and that this court erred in (1) failing to start the habeas clock 90 days after the last state court decision to account for the time he had to file a petition for certiorari with the United States Supreme Court; and (2) failing to toll the clock for the time his second post conviction motion was pending in state court.

Petitioner is correct on both points. His habeas clock did not start running until the expiration of the 90-day period in which he could have filed a petition for writ of certiorari with the United States Supreme Court, Anderson v. Litscher, 281 F.3d 672, 674-675 (7th Cir. 2002), which means that the clock started running on June 17, 2011, 90 days after the Minnesota Supreme Court denied his petition for review on March 18, 2011.

Turning to the question whether petitioner's second post conviction motion tolled his habeas clock, 28 U.S.C. § 2244(d)(2) states, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

subsection." A motion for post conviction relief is "properly filed" under § 2244(d)(2) if its delivery and acceptance are in compliance with the state's applicable laws and rules governing filings. Artuz v. Bennett, 531 U.S. 4, 8 (2000).

Where state law requires pre-filing authorization, such as an application for permission to file a successive post conviction motion, simply taking steps to fulfill this requirement does not toll the statute of limitations. Martinez v. Jones, 556 F.3d 637, 638 (7th Cir. 2009). Instead the second motion tolls the limitations period only if the state court grants permission to file it. Id. (citing Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998) (holding that "[i]f a petitioner complies with . . . [the] procedural requirements the state imposes, his petition, even a second or successive petition, is 'a properly filed application' for purposes of § 2244(d)(2)")).

Where permission to file a successive petition is *not* required under state law, then a properly filed successive petition will toll the one-year habeas clock. Smith v. Walls, 276 F.3d 340, 344–45 (7th Cir. 2002) (successive Illinois post conviction motion tolled habeas clock) (abrogated by Martinez, 556 F.3d 637, 639 (7th Cir. 2009) (change in Illinois law now requires permission from court to file successive post conviction motion, so petition failing without permission does not toll habeas clock)).

Nothing in my reading of the applicable Minnesota statutes suggests that petitioner improperly filed his second post conviction motion, or that a petitioner must seek permission from the court to file a successive post conviction motion. Petitioner has submitted a copy of the Minnesota Supreme Court order dated October 16, 2012 denying

this post conviction motion. Therefore it appears that his one-year habeas petition deadline was tolled from June 20, 2011 to October 16, 2012, while the motion was being considered by the state courts.

Taking both of these time periods into account, I recalculate petitioner's habeas deadline as October 14, 2013. Because his habeas petition was filed on October 7, 2013, it was timely filed. Accordingly, I will grant petitioner's motion for reconsideration and vacate the judgment against him.

## B. Venue

Petitioner is challenging his state of Minnesota conviction, but he is incarcerated at the Waupun Correctional Institution in Wisconsin. In the court's October 15 order, I noted that "Petitioner's motion presents an unusual question of venue because he is challenging a Minnesota conviction in a Wisconsin court." Dkt. #2. Now that I am vacating the judgment against petitioner, I must revisit this question.

28 U.S.C. § 2241(a) states, "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." Usually, the proper court in which to bring a habeas petition is the district in which the prisoner's immediate custodian is located. al-Mari v. Rumsfeld, 360 F.3d 707, 712 (7th Cir. 2004). However, where a prisoner challenges a conviction imposed by a state *different from* the state in which he is currently confined, the prison may bring a habeas action in the district court in the judicial district in which he was convicted. Braden v. 30th Judicial
4

Circuit Court of Kentucky, 410 U.S. 484, 499-500 (1973) (petitioner imprisoned in Alabama could bring habeas action in Kentucky challenging Kentucky detainer).

Because the Western District of Wisconsin is neither the district in which petitioner was convicted (District of Minnesota) nor the district in which he is currently confined (the Waupun Correctional Institution is in Dodge County, in the Eastern District of Wisconsin, 28 U.S.C. § 130(a)), I am inclined to transfer the case to a more appropriate venue, most likely the District of Minnesota. Braden, 410 U.S. at 494 (state of conviction "almost surely the most desirable forum for the adjudication of the claim"). However, it is not *required* that I do so. Although this court is not the proper venue for this action, it retains subject matter jurisdiction over the petition. Moore v. Olson, 368 F.3d 757, 760 (7th Cir. 2004) (federal court in which venue is improper nevertheless retains subject matter jurisdiction over habeas action because "Congress has authorized the federal judiciary to resolve [petitioner's] claim of entitlement to immediate release, and his petition falls within [United States Constitution] Article III."). Moreover, improper venue or lack of personal jurisdiction can be waived or forfeited by a habeas respondent, Moore, 368 F.3d at 759.

In light of these principles and the unusual nature of petitioner's "dual custody" (a search of the electronic Wisconsin Circuit Court Access database reveals no Wisconsin convictions for petitioner, but it is possible he is being held pursuant to an interstate corrections compact), I will give the parties an opportunity to object or otherwise comment on the proposed transfer to the District Court for Minnesota. Because the state of Wisconsin may not be inclined to weigh in on the validity of petitioner's Minnesota

conviction, I will add Tom Roy, the commissioner of the Minnesota Department of Corrections as a respondent in this case. Rumsfeld v. Padilla, 542 U.S. 426, 438 (2004) ("Under Braden, then, a habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'"); Braden, 410 U.S. at 499 ("the custodian State is presumably indifferent to the resolution of the prisoner's attack on the [other state's] detainer"); see also Gustafson v. Williams, 2010 WL 1904518, *4 (D. Nev. May 10, 2010) (suggesting that Minnesota commissioner of Department of Corrections is proper respondent where petitioner is being held in Nevada on behalf of Minnesota authorities pursuant to an interstate corrections compact).

ORDER

IT IS ORDERED that

1. Petitioner Marcus Champs's motion for reconsideration of the court's October 15, 2013 order denying his petition for writ of habeas corpus, dkt. #4, is GRANTED. The October 15, 2013 judgment in this case, dkt. #3, is VACATED.

2. Minnesota Department of Corrections Commissioner Tom Roy is added to this case as a respondent. Copies of the petition and this order are being forwarded to the United States Marshal for service on Roy.

3. Under an informal service agreement between the Attorney General for the State of Wisconsin and the court, copies of the petition and this order are being sent today to the

6

Attorney General for service on respondent Pollard.

4. The parties may have until January 22, 2014 to object or otherwise comment on this court's proposal to transfer this action to the District for Minnesota.

Entered this 31st day of December, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge