IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARCUS CHAMPS,

                                          OPINION AND ORDER

               Petitioner,

                                          13-cv-700-bbc

     v.

WILLIAM POLLARD, Warden,
WAUPUN CORRECTIONAL
INSTITUTION and TOM ROY,

               Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In a December 31, 2013 order, I granted petitioner Marcus Champs's motion for reconsideration of my previous order denying his petition for writ of habeas corpus and vacated the judgment. However, I concluded that this court was not the proper venue for the habeas action (petitioner is challenging his state of Minnesota conviction but is incarcerated at the Waupun Correctional Institution), added Minnesota Department of Corrections Commissioner Tom Roy as a respondent and stated the following:

> Because the Western District of Wisconsin is neither the district in which petitioner was convicted (District of Minnesota) nor the district in which he is currently confined (the Waupun Correctional Institution is in Dodge County, in the Eastern District of Wisconsin, 28 U.S.C. § 130(a)), I am inclined to transfer the case to a more appropriate venue, most likely the District of Minnesota. Braden, 410 U.S. at 494 (state of conviction "almost surely the most desirable forum for the adjudication of the claim"). However, it is not required that I do so. Although this court is not the proper venue for this action, it retains subject matter jurisdiction over the petition. Moore v. Olson, 368 F.3d 757, 760 (7th Cir. 2004) (federal court in which venue is

1

> improper nevertheless retains subject matter jurisdiction over habeas action because "Congress has authorized the federal judiciary to resolve [petitioner's] claim of entitlement to immediate release, and his petition falls within [United States Constitution] Article III."). Moreover, improper venue or lack of personal jurisdiction can be waived or forfeited by a habeas respondent, Moore, 368 F.3d at 759.
>
> In light of these principles and the unusual nature of petitioner's "dual custody" (a search of the electronic Wisconsin Circuit Court Access database reveals no Wisconsin convictions for petitioner, but it is possible he is being held pursuant to an interstate corrections compact), I will give the parties an opportunity to object or otherwise comment on the proposed transfer to the District Court for Minnesota. Because the state of Wisconsin may not be inclined to weigh in on the validity of petitioner's Minnesota conviction, I will add Tom Roy, the commissioner of the Minnesota Department of Corrections as a respondent in this case.

Dkt. #6.

The only party who has responded to the December 31 order is respondent Pollard, who asks to be removed as a respondent, stating that petitioner is indeed being held in a Wisconsin prison under an interstate corrections compact stating that "[i]nmates confined in an institution pursuant to the terms of this compact shall at all times be subject to the jurisdiction of the sending state," Wis. Stat § 302.25(4)(c), that Pollard "does not have real jurisdiction over [petitioner] in any real sense" and that petitioner remains in the "constructive custody" of respondent Roy. Given Pollard's response (as well as petitioner's failure to respond to the December 31 order) I conclude that it is appropriate to grant Pollard's motion to be removed from the caption and transfer the case to the District of Minnesota.

Additionally, Pollard argues that state of Minnesota Attorney General Lori Swanson is a proper respondent in this case, but because I am transferring the case, I will leave it to

the District of Minnesota court to determine whether the caption needs to be amended further.

ORDER

IT IS ORDERED that

1. Respondent William Pollard's motion to be removed from the caption as a respondent, dkt. #11, is GRANTED.

2. This case is TRANSFERRED to the United States District Court for the District for Minnesota. The clerk of court is directed to transmit the file to the United States District Court for the District of Minnesota.

Entered this 7th day of April, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge